**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge David L. West**

**Criminal Case No. 16-MJ-00108-DLW**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**1. JESSE ROSS DICKINSON**

**Defendant.**

_____

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND REASONS
FOR ORDER OF DETENTION**
_____

**THIS MATTER** came before the Court for an identity and detention hearing on March 2, 2016. Present were the following: Dondi Osborne, Assistant United States Attorney, Stephen Wells, counsel for the Defendant, and the Defendant. Also present was Erika Ball, Probation/Pretrial Services Officer. The Defendant and his counsel waived the identity hearing and the detention and preliminary hearing in this District.

Rule 5(c)(2)(A) of the Federal Rules of Criminal Procedure provides that if a person is arrested in a district other than the district in which the alleged offense was committed, that person shall be taken without unnecessary delay before the nearest federal Magistrate Judge. At the conclusion of a preliminary hearing, or if the Defendant elects to waive an immediate preliminary hearing, the judicial officer shall direct that the Defendant be held to answer in the district where the prosecution is pending. The Court notes that the Bail Reform Act of 1984 uniformly has been applied to commitment procedures under Rule 40, *see, e.g.*, *United States v. Montalvo-Murillo*, 876 F.2d 826 (10th Cir. 1989), *overruled on other grounds*, 110 S. Ct. 2072 (1990), which procedures were incorporated into Fed. R. Crim. P. 5 in 2002.

In order to sustain a motion for detention, the Government must establish that (a) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the Defendant's presence for court proceedings; or (b) there is no condition or combination of conditions which could be imposed in connection with pretrial release that would reasonably assure the safety of any other person or the community. The former element must be established by a preponderance of the evidence, while the latter requires proof by clear and convincing evidence.

The Bail Reform Act, 18 U.S.C. §3142(g), directs the Court to consider the following factors in determining whether there are conditions of release that will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including –

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

(B) whether at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In this case, the Government has moved for detention. In making my findings of fact, I have taken judicial notice of the defendant's waivers of the identity hearing and the detention and preliminary hearing in this District and the Petition for Revocation of Supervised Release out of the District of New Mexico. Weighing the statutory factors set forth in the Bail Reform Act, I find the following:

First, the Defendant was originally convicted of Possession with Intent to Distribute 50 Grams and More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine under 21 U.S.C. 841(b)(1)(B) on March 21, 2006 in the District of New Mexico and sentenced to serve 120 months with the Bureau of Prisons and 4 years of Supervised Release.

Second, it is alleged in the Petition for Revocation of Supervised Release that the defendant has violated 3 terms of his Supervised Release.

Finally, the Defendant has waived the identity hearing and the detention and preliminary hearings in the District of Colorado.

After considering all of these factors, I find that the Defendant has not rebutted the statutory presumption that no condition or combination of conditions will reasonably assure the appearance of the person and the safety of the community.

As a result, after considering all of these factors, I conclude that there is clear and convincing evidence that no condition or combination of conditions for release will reasonably assure the safety of the community. I further find, by a preponderance of evidence, that no condition or combination of conditions of release will reasonably assure the appearance of the Defendant.

**IT IS HEREBY ORDERED** that the Defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

**IT IS FURTHER ORDERED** that the Defendant shall be afforded reasonable opportunity for private consultation with counsel; and

**IT IS FURTHER ORDERED** that on order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of transporting the Defendant back to District of New Mexico for further proceedings in that District.

The Defendant will be notified of his next Court appearance.

**DATED: March 2, 2016.**

            **BY THE COURT:**

            **s/David L. West**
            **United States Magistrate Judge**